UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIELDWOOD ENERGY LLC, GOM SHELF LLC and FIELDWOOD ENERGY OFFSHORE LLC | CIVIL ACTION NUMBER |
| VERSUS | JUDGE |
| GULF RESOURCE MANAGEMENT INC. | MAGISTRATE JUDGE |

## COMPLAINT

NOW COME plaintiffs, Fieldwood Energy LLC, GOM Shelf LLC and Fieldwood Energy Offshore LLC (hereafter collectively "Fieldwood"), and file their Complaint against defendant, Gulf Resource Management Inc. ("GRMI"), on information and belief, as follows:

## PARTIES

I.

Plaintiffs herein are as follows:

A. Fieldwood Energy LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Texas. At all relevant times herein, Fieldwood was the sole member and manager of plaintiff, GOM Shelf LLC.

B. GOM Shelf LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Texas. At all relevant times herein, GOM Shelf LLC was an owner and the operator of Platform "P", Block 48, Grand Isle Area (hereafter "GI 48-P"), which is a permanent, fixed oil and gas production facility located in the Gulf of Mexico, on the Outer Continental Shelf, off the Coast of Louisiana.

C. Fieldwood Energy Offshore LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Texas. At all relevant times herein, Fieldwood Energy Offshore LLC was an owner GI 48-P.

II.

Defendant, GRMI, is a Louisiana corporation with its principal office in New Iberia, Louisiana, whose registered agent for service of process is Charles A. Crochet, Jr., 4811 Industrial Drive, New Iberia, Louisiana, 70560. At all times relevant herein, GRMI was and remains the owner and operator of the M/V ADAM JOSEPH, a dynamically positioned mini supply vessel, which vessel has been assigned Official Number 123503 by the United States Coast Guard (hereafter "ADAM JOSEPH").

**JURISDICTION**

III.

As more fully set forth *infra*, Fieldwood was damaged as a result of the October 16, 2016, allision of the ADAM JOSEPH with the GI 48-P platform (hereafter "the Allision"). As a result, this civil action arises under this Court's admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333(1), and additionally under the Admiralty Extension Act, 46 U.S.C. § 740. Additionally, this civil action arises under this Court's "federal question" jurisdiction, 28 U.S.C. § 1331, because the Allision occurred on a situs located on the Outer Continental Shelf, and therefore is within the subject matter jurisdiction afforded by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1). Fieldwood designates this matter as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**VENUE**

IV.

Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), because the GI 48-P platform is located off of and adjacent to the coast of the Parish of Lafourche, Louisiana, which parish is within the physical jurisdiction of this Court.  Additionally, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(c)(2), because GRMI has significant contacts, has conducted business and continues to conduct business within the physical jurisdiction of this Court.

## GENERAL FACTUAL ALLEGATIONS

V.

During day light on October 16, 2016, the ADAM JOSEPH allided with Fieldwood's GI 48-P platform causing physical damage to its facilities and delaying Fieldwood's ability to produce oil and gas from wells and pipe lines associated with the GI 48-P platform.

## FIRST CAUSE OF ACTION FOR STATUTORY VIOLATIONS AND NEGLIGENCE

VI.

The Allision and Fieldwood's resulting damages were legally caused by the fault and neglect of GRMI, as follows:

(A)   The master and crew of the ADAM JOSEPH were not reasonably fit to operate the ADAM JOSEPH;

(B)   Violating Rule 5 of the Convention on the International Regulations for Preventing Collisions at Sea (hereafter identified as "COLREGS") (failure to maintain a proper look-out);

(C)   Violating COLREGS Rule 6 (failure to maintain a safe speed);

(D)  Violating COLREGS Rule 7 (failure to timely determine if a risk of allision existed);

(E)  Violating COLREGS Rule 8 (failure to take prompt and proper action to avoid the allision);

(F)  Violating COLREGS Rule 19 (failure to properly conduct vessels navigation and operations in restricted visibility)

(G)  The violation of any other applicable statute, rule or regulation that will be proven at the trial of this matter;

(H)  Failing to timely and properly plot a course to avoid navigating under the prevailing conditions in close proximity to the oil and gas field in which GI 48-P was located;

(I)  Failing to timely and properly set and monitor the radars to enable the ADAM JOSEPH to identify and locate GI 48-P, which was marked on the applicable navigation charts as an obstruction to navigation;

(J)  Failing to operate the ADAM JOSEPH in a proper and safe manner; and

(K)  All other acts of negligence or fault that will be proven at the trial of this matter.

Fieldwood reserves the right to amend this paragraph as discovery proceeds.

## SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

VII.

The Allision and Fieldwood's resulting damages were legally caused by the unseaworthy conditions of the ADAM JOSEPH and the breaches of the warranty of seaworthiness by GRMI, as follows:

(A)  Failing to provide a competent master and crew;

(B)  Failing to have on board and / or to timely consult the appropriate navigation charts of the area around GI 48-P, which was marked on the applicable navigation charts as an obstruction to navigation;

(C)  Failing to have one or more working radar units on board which, had they been working properly, would have located GI 48-P, which was marked on the applicable navigation charts as an obstruction to navigation; and

(D)  All other unseaworthy conditions of the ADAM JOSEPH and breaches of the warranty of seaworthiness by GRMI that will proven at the trial of this matter.

Fieldwood reserves the right to amend this paragraph as discovery proceeds.

## CAUSATION

VIII.

The foregoing acts of negligence, statutory violations, and the breaches of the warranty of seaworthiness by GRMI as well as the unseaworthy conditions of the ADAM JOSEPH were the sole legal and proximate causes of the Allision, and Fieldwood's resulting damages.

IX.

Fieldwood specifically pleads the legal presumption of fault otherwise known as the Rule of *THE OREGON* and the legal presumption of causation otherwise known as the Rule of *THE PENNSYLVANIA*.

**DAMAGES**

X.

As a result of the Allision, Fieldwood suffered physical damage to its GI 48-P platform, which required surveying, inspection and repairs, the cost of which is presently estimated to be $318,000.00, as well as damages for the delayed or deferred production from the wells and pipe lines associated with the GI 48-P platform, and other losses and damages to be shown at the trial of this matter.

XI.

Fieldwood is entitled to recover from GRMI pre-judgment interest on its damages from October 16, 2016, through the date of entry of the judgment, and post-judgment interest until paid, and all costs of these proceedings.

WHEREFORE, Fieldwood Energy LLC, GOM Shelf LLC and Fieldwood Energy Offshore LLC pray:

1. That process in due form of law, according to the rules and practices of this Honorable Court, may issue against Gulf Resources Management Inc., commanding it to appear and answer, all and singular the matters stated in this Complaint;

2. That, after due proceedings had, there be judgment entered in favor of plaintiffs, Fieldwood Energy LLC GOM Shelf LLC and Fieldwood Energy Offshore LLC,

and against defendant, Gulf Resources Management Inc., requiring defendant to pay damages to Fieldwood in the amount of $318,000.00, as well as damages for the delayed or deferred production from the wells and pipe lines associated with the GI 48-P platform, plus such other damages as may be proven at trial, with pre-judgment interest, post-judgment interest, and all costs of these proceedings; and

3. For all general and equitable relief which this Court is competent to grant and plaintiffs are otherwise entitled.

        Respectfully submitted,

        ___/s/ James D. Bercaw_____
        JAMES D. BERCAW, T.A. (20492)
        KING, KREBS & JURGENS, P.L.L.C.
        201 St. Charles Avenue, 45th Floor
        New Orleans, LA 70170
        (504) 582-3800
        jbercaw@kingkrebs.com

        Attorneys for plaintiffs, Fieldwood Energy LLC, GOM Shelf LLC and Fieldwood Energy Offshore LLC

**PLEASE SERVE:**

Gulf Resources Management Inc.,
through its agent for service of process:
Charles A. Crochet, Jr.
4811 Industrial Drive
New Iberia, Louisiana, 70560